UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CATHERINE LYNNE
MCEACHERN,

    Plaintiff,

v.                              Case No.:  2:23-cv-877-JLB-KCD

JOHN NELSON MCEACHERN
and UNITED STATES OF
AMERICA,

    Defendants.
_____/

## ORDER

Plaintiff Catherine Lynne McEachern brought this suit in state court "to quiet title to real property lying . . . in Lee County, Florida." (Doc. 3 ¶ 1.) Because the property is encumbered with a federal tax lien, Plaintiff named the "The United States of America, Acting on Behalf of the Department of the Treasury, Internal Revenue Service" as a defendant. While the United States typically enjoys sovereign immunity in state courts, there is an exception for quiet title actions concerning property over which the government has asserted a lien. *See* 28 U.S.C. § 2410; *Love v. United States*, 503 F. App'x 747, 748 (11th Cir. 2013) ("Pursuant to § 2410, a plaintiff may name the United States as a party in a civil action to quiet title to real property[.]").

Several months after suit was filed, the United States appeared and removed the case to federal court. Plaintiff now seeks a remand on timeliness grounds. (Doc. 9 at 3.) She claims the United States was properly served yet failed to respond within the 30-day window allowed for removal under 28 U.S.C. 1446. Thus, the case must go back to state court. (*Id.*)

The United States does not dispute it had 30-days for removal. (Doc. 13 at 5.) It argues instead that Plaintiff never perfected service. Thus, the clock for removal "has not yet begun to run." (*Id.* at 6.)

The United States' argument is premised on the application of Florida law. (*See* Doc. 13 at 5 ("State law governs service in state court.")) But the Court is not entirely sure that's correct. The statute authorizing suit against the United States for quiet title actions, 28 U.S.C. § 2410, contains a specific provision concerning service. *Id.* § 2410(b). Considering Congress delineating how the United States must be served in such proceedings, the Supremacy Clause would seemingly dictate that § 2410(b) usurps state law in this sphere. *See, e.g., Quality Loan Serv. Corp. v. 24702 Pallas Way, Mission Viejo, CA 92691*, 635 F.3d 1128, 1133 (9th Cir. 2011).

To help resolve this discrepancy, which is not addressed in any detail by the current record, the Court will order supplemental briefing from the parties on these questions:

1. Was Plaintiff required to comply with state law or 28 U.S.C. § 2410(b) to perfect service on the United States?

2. If 28 U.S.C. § 2410(b) controls:

    a. did Plaintiff satisfy its requirements through her actions here?

    b. If Plaintiff mislabeled the service packet mailed to the Attorney General, does that negate service?

    c. If Plaintiff properly labeled the service packet mailed to the Attorney General but it was rejected, does that negate service?

Finally, Plaintiff is separately directed to provide a copy of the mailing envelope sent to the Attorney General referenced in paragraph 8 of her motion for remand.

This supplemental briefing is due to the Court on or before November 9, 2023.

**ORDERED** in Fort Myers, Florida this November 2, 2023.

Kyle C. Dudek
United States Magistrate Judge

Copies: All Parties of Record